**DECCA RECORD CO., Limited, et al. v. MARZALL, Com'r of Patents.**

Civ. No. 1036–49.

United States District Court District of Columbia.

Dec. 1, 1950.

Edward B. Beale, George R. Jones, Washington, D. C. (Walter P. Huntley, Arcadia, Cal., of counsel), for plaintiff.

18

E. L. Reynolds, Solicitor, U. S. Patent Office, Washington, D. C., for defendant.

KIRKLAND, District Judge.

### Findings of Fact.

1. This is an action under R.S. 4915, 35 U.S.C.A. § 63. The plaintiff, The Decca Record Company, Limited, is the owner by assignment from the other plaintiff, William J. O'Brien, of his application for patent Ser. No. 701,745, filed October 7, 1946, for Radio Beacon Systems, which application is a continuation-in-part of an earlier filed application Ser. No. 420,059. The plaintiffs seek to have the Court authorize the allowance of claims 16 and 17 of said application Ser. No. 701,745, which claims were refused by the Board of Appeals on the ground that said claims do not read upon the disclosure of said application as originally filed. Said claims 16 and 17 were first presented in plaintiffs' application by an amendment filed May 21, 1947 and were copied, for the purpose of provoking an interference proceeding, from the patent to Goodall, No. 2,408,773, issued October 8, 1946. Claims 16 and 17 in suit are claims 1 and 7 of said patent, respectively.

2. Plaintiffs' application and the said patent to Goodall both relate, insofar as said claims 16 and 17 are concerned, to a radio navigational aid and each discloses, inter alia, two radio transmitter stations emitting waves of different harmonically related frequencies. The transmitted waves are received upon a mobile body, and in both the system disclosed by plaintiffs' application and the system disclosed by the Goodall patent, the received waves are converted to provide a high frequency signal current and a high frequency reference current, said signal current and reference current being of like frequency. In plaintiffs' receiving apparatus and in the modification shown in Fig. 4 of said patent, said signal current and reference current are compared as to phase.

3. In the arrangement of Fig. 2 of the patent, said by the patentee to be the preferred arrangement, said high frequency reference current is modulated by an independent local low frequency oscillator (os-cillator 17 of Fig. 2) and the resultant current is then beat with the high frequency signal current giving a low frequency signal current of the same low frequency as the local oscillator. Said low frequency signal current is then compared as to phase with a low frequency reference current obtained from said local oscillator.

4. It is conceded by both parties to this action that in all respects other than the clause "and means at a mobile station for obtaining from the transmitted wave a signal current having a phase angle related to the position of mobile station and a reference current having a substantially constant phase angle," claim 17 of Plaintiffs' application Ser. No. 701,745 reads upon the disclosures of said application and upon the disclosures of Plaintiffs' application Ser. No. 420,059; that as to said clause, said application disclose "means at a mobile station for obtaining from the transmitted wave a signal current having a phase angle related to the position of mobile station and a reference current"; and that as to said claim 17, the sole issue to be resolved by this action is:

(a) whether the "reference current" obtained by the apparatus disclosed in said applications is a reference current "having a substantially constant phase angle". It was also conceded that Plaintiffs' alleged right to claim 16 would stand or fall with the decision as to claim 17.

5. The words "having a substantially constant phase angle" referring to the reference current were in claim 7 of the patent as it appeared in the application for patent as originally filed, but had not appeared (and do not now appear) in the description of the device in the specification of the application preceding the claims thereof. Claim 1 of the patent, which is claim 16 in suit, specifies that the reference current has a "constant phase angle". The words just quoted were inserted by amendment after rejection of the claim (originally claim 2 of the application) by the examiner. The amendment was accompanied by argument of the attorney stating that "In the embodiment of applicant's invention comprising oscillator 17, as illustrated in Fig. 2, the

reference current is obtained from a 100 kilocycle oscillator 17 *having a constant phase angle*". Said argument further stated that "In other words, the reference current used in applicant's system (Fig. 2) is *independent* of the position of the mobile receiver".

6. The high frequency reference current obtained by plaintiffs' apparatus and the high frequency reference current obtained by the apparatus of Fig. 4 of the patent both have a phase angle, with respect to the corresponding wave at the transmitter, which varies with the distance from the mobile body to said transmitter.

7. As to the "reference current having a constant phase angle" and as to the "reference current having a substantially constant phase angle" called for by claims 1 and 7 respectively of said Goodall patent, said claims specify the current produced by the local oscillator 17 of Fig. 2 of the patent. Neither of said claims reads upon Fig. 4 of said patent.

8. Plaintiffs' application does not disclose a local low frequency oscillator corresponding to the oscillator 17 of Fig. 2 of the Goodall patent. Claims 16 and 17 do not read upon the disclosure of plaintiffs' aforesaid application Ser. No. 701,745.

Conclusions of Law.

1. Where counts for a proposed interference are taken from the claims of a patent, said claims must be given the broadest interpretation which they reasonably will support, but when said claims are found not clear in meaning, an applicant copying such claims is bound by the meaning intended by the patentee.

2. The claims of a patent are to be interpreted in the light of the patent specification, but when a claim so interpreted remains ambiguous or fairly susceptible to different constructions, resort may be had to the meaning put upon the claim by the patentee through amendment of the claim to avoid rejection while his application was pending, as shown by the prosecution history of the application.

3. The plaintiffs are not entitled to the order prayed for in the complaint directing the Commissioner of Patents, Defendant herein, to allow said claims 16 and 17 in Plaintiffs' application.

4. The complaint should be dismissed as to each of said claims 16 and 17 of Plaintiffs' application Ser. No. 701,745.

JAMES R. KIRKLAND, Judge.